UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    **JS-6**

| Case No. | 5:26-cv-00922-WLH-RAO | | Date | May 12, 2026 |
|---|---|---|---|---|
| Title | *Apple Valley Ridge Estates Homeowners Association v. Ashka Patel et al.* | | | |

Present: The Honorable   WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**   **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [7]**

The Court is in receipt of Plaintiff's Motion to Remand (the "Motion"). (Mot., Dkt. No. 7). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 9 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. For the reasons explained herein, the Court **GRANTS** the Motion in its entirety.

## I.    BACKGROUND

Plaintiff Apple Valley Ridge Estates Homeowners Association ("Plaintiff") sued Defendants Ashka Patel and Imran Patel ("Defendant") and brought the following causes of action: (1) Breach of Covenants, Conditions and Restrictions, (2) Nuisance, and (3) Declaratory Relief. (Complaint, Dkt. No. 1-1). Plaintiff alleges that Defendants breached the Plaintiff's Declarations of Covenants, Conditions and Restrictions for Apple Valley Ridge Estates recorded on June 10, 1987, in the Official Records of the San Bernardino County Recorder as Instrument No. 87-195759 and any amendments and supplements thereto ("Declaration."). (*See generally* Compl.). The alleged violations of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **JS-6**

the Declaration by Defendants include (1) failure to repair and maintain the Property; (2) failure to apply for and receive architectural approval prior to making exterior alterations; (3) failure to comply with conditions imposed by the Plaintiff's Architectural Control Committee; (4) failure to complete exterior improvements on the Property prior to the expiration of conditional architectural approval; (5) installing improvements, including a retaining wall, which altered established drainage patterns on the Property without making alternative provisions for proper drainage or seeking approval from the Plaintiff's Architectural Control Committee for drainage alterations; and (6) allowing the appearance of the Property to be an "eyesore," interfering with the quiet enjoyment of other properties within the Development.  (*Id*. ¶ 18).

Plaintiff filed this suit on January 4, 2024, in the San Bernardino County Superior Court.  ("Notice of Removal," Dkt. No. 1 at 2) ("Removal Notice").  Defendants filed their Removal Notice on February 26, 2026.  (*Id*.).  Plaintiff filed the instant Motion on March 24, 2026.  (*See generally* Mot.).  Defendants filed their Opposition (Opp'n, Dkt. No. 13), to which Plaintiff filed its Reply (Reply, Dkt. No. 15).

II.    **DISCUSSION**

A. **Legal Standard**

There are three different "deadlines" for removal which might apply to this case. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, "[S]ection 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010).  "The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                      **JS-6**

first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).  "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained."  *Id.* (internal quotation marks omitted).  "If the notice of removal was untimely, a plaintiff may move to remand the case back to state court."  *Id.*

Beyond those two thirty-day removal deadlines, a defendant may remove a case "when it discovers, based on its own investigation, that a case is removable."  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).  "But in that last scenario, the defendant has no more than one year from 'the commencement of the action' to file a timely removal notice."  *Iniquez v. Ford Motor Co.*, 2025 WL 1042712, at *2 (C.D. Cal. Mar. 21, 2025) (citing 28 U.S.C. § 1446(c)(1)).

A "defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so."  *Roth*, 720 F.3d at 1125.  At the same time, "neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own."  *Id.*

B. **Analysis**

  *1. Timeliness of Removal*

Plaintiff avers that Defendants failed to comply with the procedural requirements for removal to the federal court.  (Mot. at 7).  As referenced above,  Section 1446(b) identifies two thirty-day periods for removing a case:  (1) the first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                                                     **JS-6**

and (2) the second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained. *Carvalho*, 629 F.3d at 885.  A notice of removal can only be filed outside of these periods, but within one year, when the party discovers, based on its own investigation, that a case is removable.  *Roth*, 720 F.3d at 1125.  Defendants were served with the Complaint on January 25, 2024, and later filed their Answer with the San Bernardino Superior Court on March 5, 2024.  (Removal Notice at 2).  The Removal Notice was filed on February 26, 2026.  (*Id*.).

Defendants' Removal Notice and opposition proffer no reason at all for the nearly two-year delay.  The opposition admits that federal affirmative defenses, including the Federal Arbitration Act ("FAA") and "federal constitutional issues" were alleged in the Answer filed on March 5, 2024.  (Opp'n at 5).  If the removal is based on those affirmative defenses,[1] the time for removal ended at the latest on April 4, 2024.

Because Defendants failed to meet any of the three deadlines for removal outlined above, Defendants' Removal Notice, filed two years after the filing of the initial pleading, is untimely.  *See* 28 U.S.C. § 1446(b).  Therefore, the Court **GRANTS** Plaintiff's Motion on these grounds.

   *2. Additionally and Alternatively, This Court Lacks Subject Matter Jurisdiction*

This Court also lacks subject matter jurisdiction over this lawsuit.  "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution

---

[1] Under the "well-pleaded complaint rule," federal affirmative defenses do not provide a basis for removal.  *See Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 688 (9th Cir. 2022).  This rule has been the law for decades.  *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **JS-6**

and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citations and quotation marks omitted).  Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court to federal court only where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "A defendant seeking removal must file in the district court a notice of removal 'containing a short and plain statement of the grounds for removal….'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing 28 U.S.C. § 1446(a)).

Defendants allege subject matter jurisdiction exists to remove this matter to federal court pursuant to 12 U.S.C. § 632 and 28 U.S.C. § 1441(c)(1)(A),[2] because the Property at issue is secured by a deed of trust in favor of Banner Bank, whose parent holding company, Banner Corporation is "registered with the Federal Reserve bank . . . and is subject to regulation, examination and required to file reports with the" Federal Reserve bank.  (Removal Notice at 3).  This argument by Defendants is meritless.

Title 12, United States Code, Section 632 provides, in pertinent part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any Federal Reserve bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

Defendants imply that this provision applies because Banner Bank is registered with and regulated by the Federal Reserve Bank.  (Removal Notice at 3).  By its plain text, the provision applies only to civil suits where a "Federal Reserve bank" is a party.  12

---

[2] Defendants' Opposition also refers to federal affirmative defenses (Opp'n at 5), such defenses cannot serve as a basis for removal jurisdiction, *Franchise Tax Bd.,* 463 U.S. at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **JS-6**

U.S.C. § 632. No bank, much less a Federal Reserve bank, is a party to this lawsuit. By its plain text, Section 632 does not confer jurisdiction here.

Not only is Banner Bank *not* a party to this lawsuit, Defendants cannot claim that Banner Bank is a Federal Reserve bank. A court in this District has recently (but still prior to the filing of Defendants' Opposition to this Motion) rejected this exact argument brought by Defendants' counsel. *See People v. Value Hotels Corp*, No. EDCV 26-794 JGB (SPX), 2026 WL 710511, at *2-3 (C.D. Cal. Mar. 13, 2026) ("PCB BC is not a 'Federal Reserve Bank' and, as a result, 12 U.S.C. § 632 did not grant Cross-Defendants the authority to remove the instant case to federal court.").

In their Opposition, Defendants fail to address this obvious flaw in their Notice of Removal. (*See generally* Opp'n). Instead, Defendants claim that 12 U.S.C. § 632 is not limited to a Federal Reserve Bank. (*Id*. at 11). This is wrong. "A different provision of 12 U.S.C. § 632 would be rendered superfluous if any bank registered with and/or regulated by the Federal Reserve Bank were considered a 'Federal Reserve Bank.'" *Value Hotels Corp*, 2026 WL 710511, at *3. The first paragraph of Section 632 allows a defendant to remove a civil case where one of the parties is "any corporation organized under the laws of the United States" and the case arises "out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations." 12 U.S.C. § 632. If a bank registered with and/or regulated by the Federal Reserve Bank were considered a "Federal Reserve bank," then Congress would not have needed to provide a separate removal mechanism for "any corporation organized under the law of the United States" in a case arising out of international banking transactions. *Id*.; *Value Hotels Corp*, 2026 WL 710511, at *3. Accordingly, the statutory language of Section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                   **JS-6**

632 affirms that Banner Bank—again not a party to this case—is not a Federal Reserve bank.

### 3. *Preemption under the Federal Arbitration Act*

Defendants additionally failed to invoke the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA").  Arbitration can be compelled only if the parties have agreed to arbitrate the particular controversy involved.  *See AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.").  Defendants do not proffer an agreement to arbitrate disputes between the parties.  In fact Defendants' Opposition fails to address this point at all, despite being raised in Plaintiff's Motion.  This lack of opposition and failure to proffer an arbitration agreement is deemed a concession that the FAA does not apply here.

### 4. *Attorneys' Fees and Costs*

Finally, Plaintiff moves for attorneys' fees and costs in the amount of $23,923.25 because Defendants' removal was an unreasonable delay tactic used by Defendants to avoid the decision of the state court related to Plaintiff's unopposed Motion for Summary Judgment and to avoid going to trial, if so ordered, a month later.  (Mot. at 13).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  In applying this rule, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

Based on the Court's analysis above, the Court agrees with Plaintiff that Defendants' basis for removal is unreasonable.  First, Defendants moved to remove this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                         **JS-6**

matter *two years* following the initial pleading without addressing the reason for this delay in their Removal Notice or Opposition.  Defendants offered no argument as to how any of the removal periods could operate to excuse the delay.

Second, in attempting to prove that this Court has subject matter jurisdiction, Defendants' counsel relied on the same argument ignoring the plain language of the applicable statute that a court in this District (*Value Hotels Corp*, 2026 WL 710511, at *3) previously rejected before Defendants' meritless opposition was filed.   The reliance on this argument is particularly noteworthy because Defendants' counsel was the attorney advancing the unsuccessful argument in that case, so there can be no doubt he was aware it was fatally flawed.  For these reasons, the Court finds that Defendants' arguments do not establish that Defendants had an objectively reasonable, and ultimately meritorious, basis for removal.

Plaintiff requests $23,923.25 in attorneys' fees and costs.  (Mot. at 13).  Plaintiff's counsel indicates that Plaintiff was charged a rate of $275.00 per hour until December 31, 2025, and was then charged $295.00 per hour beginning on January 1, 2026. ("Declaration of Amber T. Ashby," Dkt. No. 7-2 ¶ 22) ("Ashby Decl.").  Plaintiff's counsel also charged Plaintiff $155.00 per hour for paralegal services.  (*Id*.).  Moreover, Plaintiff was charged a total of $8,671.75 in attorneys' fees and costs ($7,898.00 in attorneys' fees, $93.00 in paralegal fees and $680.75 in e-filing costs) for the preparation and filing of the Motion for Summary Judgment, preparation for and attendance at the related Ex Parte Motion to Advance the Hearing Date and preparation for and attendance at the Motion for Summary Judgment hearing.  (*Id*.).  Both motions were to be heard by the San Bernardino Superior Court.  (*Id*.).  Plaintiff's counsel states that he spent 24 hours at his previous hourly rate of $275.00, 4.4 hours at his current hourly rate of $295.00, and that Cindra O'Leary, counsel's paralegal, spent a total of 0.6 hours at her hourly rate of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                                    **JS-6**

$155.00 in relation to the Motion for Summary Judgment. (*Id.*). In preparation for this instant Motion, Plaintiff's counsel spent approximately 46.7 hours at his hourly rate for a total of $13,776.50 and anticipated that at least five hours (resulting in a total of $1,475.00) would be incurred for the preparation of the Reply papers. (*Id.*).

Plaintiff's counsel submitted to the Court the relevant billing rates and qualifications of the relevant attorney and paralegal and further identified the matters forming the basis for the requested award. (*Id.*). In opposition, Defendants baldly state that the removal is not frivolous and that the Court should not award fees, but do not present the Court with arguments as to why the requested amount is unreasonable. (Opp'n at 17). Based on the information set forth by Plaintiff, the Court finds it reasonable to award Plaintiff attorneys' fees and costs, though not in the full amount requested. As stated above, Plaintiff's counsel requests a total of $23,923.25; however, only $15,251.50 of that amount constitutes fees and costs incurred in preparing the papers for the instant Motion. (Ashby Decl. ¶ 22). The remaining amount was incurred in connection with preparing papers for a motion for summary judgment and a related ex parte application in the state court matter. (*Id.*).[3] The Court finds it appropriate to award only those fees and costs incurred in preparing the papers for the instant Motion. *See* 28 U.S.C. § 1447(c) (emphasis added) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, *incurred as a result of the removal*."). Thus, the Court **GRANTS** Plaintiff's request for attorneys' fees and costs in the amount of $15,251.50.

---

[3] Although Plaintiff's counsel characterizes these expenses as wasted as a result of the improper removal, this Court does not view them as such. Plaintiff's counsel will remain free to refile (or not) the motion for summary judgment when the matter returns to state court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                      **JS-6**

### III.    CONCLUSION

The Motion is **GRANTED** in its entirety.  The Court **AWARDS** $15,251.50 in attorneys' fees, payable by Defendants' and/or defense counsel to counsel of record for plaintiffs within thirty (30) days of this Order.  The Court also **REMANDS** the action to San Bernardino County Superior Court and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**